IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03394-GPG

CALVIN WHITESIDE II,

      Plaintiff,

v.

VASQUEZ, Officer,

      Defendant.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Calvin Whiteside II, is in the custody of the Colorado Department of

Corrections at the Colorado State Penitentiary in Cañón City, Colorado. He has

submitted, *pro se*, a Prisoner Complaint asserting claims under 42 U.S.C. § 1983 for

deprivation of his constitutional rights.  (ECF No. 1).

      Mr. Whiteside has been granted leave to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  Subsections (e)(2)(B)(i) of § 1915 require a court to dismiss *sua*

*sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in

which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319,

324 (1989).

      The Court must construe Mr. Whiteside's Complaint liberally because he is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, this

action will be dismissed.

Mr. Whiteside alleges in the Complaint that, on November 3, 2014, when he was incarcerated at the Crowley County Correctional Facility, he was involved in a dispute with his cell mate. Plaintiff requested assistance and a correctional officer responded to his cell. When the officer left fifteen minutes later, Plaintiff went to the office because his cell mate and "other inmates were about to jump [him]." (ECF No. 1, at 3). Defendant Officer Vasquez directed Plaintiff to return to his cell. After Plaintiff refused, another officer issued a Notice of Charge to Plaintiff for disobeying a lawful order. (*Id.* at 10). Mr. Whiteside alleges that as a result of the disciplinary action, he was sanctioned with the loss of good time credits and was placed in segregation for five days. He challenges the basis of the disciplinary charge on the ground that he was just "trying to avoid a fight" (ECF No. 1, at 9). Plaintiff requests monetary relief.

Plaintiff's request for damages under § 1983 is premature. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of a prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* at 486-87. In *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997), the Supreme Court extended the rule of *Heck* to a prisoner's § 1983 action challenging a prison disciplinary proceeding that resulted in the deprivation of vested good time credits.

Mr. Whiteside alleges that the sanctions imposed as a result of the charged disciplinary infraction included the loss of good-time credits. Because Plaintiff has not

2

shown that the disciplinary charge was invalidated, his claim(s) against the Defendant

Vasquez are barred by *Heck* and *Edwards*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-

82 (2005) (reaffirming that "a state prisoner's § 1983 action is barred (absent prior

invalidation)—no matter the relief sought (damages or equitable relief), no matter the

target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)— if success in that action would necessarily demonstrate the invalidity of

confinement or its duration.").  A dismissal under *Heck* is without prejudice.  *See Fottler*

*v. United States,* 73 F.3d 1064, 1065 (10th Cir.1996).

Mr. Whitehead may initiate a new action pursuant to 28 U.S.C. § 2241 if he

wishes to challenge the prison disciplinary action and the loss of good time credits. *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (habeas corpus proper remedy for

prisoner seeking relief resulting in reinstatement of good-time credits).  Accordingly, it is

ORDERED that the Complaint filed by Plaintiff, Calvin Whiteside II, and this

action, are DISMISSED WITHOUT PREJUDICE pursuant to the rule of *Heck.*  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the

purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith.  *See Coppedge v. United*

*States*, 369 U.S. 438 (1962).  If Mr. Whiteside files a notice of appeal he must also pay

the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the

United States Court of Appeals for the Tenth Circuit within thirty days in accordance

with Fed. R. App. P. 24.

DATED February 11, 2015, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court